**UNITED STATES v. FRANK et al.**

**SAME v. GSCHREY et al.**

**Nos. 2043, 2233.**

District Court, D. New Jersey.

Oct. 20, 1931.

Phillip Forman, U. S. Atty., of Trenton, N. J. (Samuel Cohen of Newark, N. J., for U. S. Atty.), for the United States.

C. William Caruso and Richard M. Glassner, both of Newark, N. J., for defendant Frank.

Frederic M. P. Pearse, of Newark, N. J., for other defendants.

BOURQUIN, District Judge.

In these suits to abate Volstead nuisances, the bills allege defendants are respectively owners and employees. The answers are in behalf of all defendants and signed by counsel only; Mr. Caruso the first, Mr. Pearse the second. In the former the answer in respect to said allegations is, "No knowledge sufficient to form a belief," and in the latter that "they deny."

At final hearing, plaintiff's evidence of ownership in the first suit was incompetent to withstand objection by counsel (Mr. Glassner), promptly made, but at the adjourned hearing thus forced, due proof was made. In the second suit, counsel moved to withdraw his appearance for the defendant proprietor of the business (so alleged in the bill and denied in the answer but upon whom subpœna had not been served), for that "was by mistake," supported by counsel's assurance he "would not lie about it." The proprietor does not seek to withdraw his appearance by counsel thus made, albeit he long may have known of it.

The evidence is undisputed and abundantly proves that the allegations aforesaid of the bills are true, the denials in the answers untrue, and that the nuisances likewise alleged and denied were committed, suffered, and maintained.

These equity suits, involving nuisance in more sense than one, are so closely related to criminal proceedings that in general the same

counsel defend in both, and in both the tactics are much the same. Too often their strategy is obstruction and delay, less to secure a fair and speedy trial than to prevent one, disregardful of the right of plaintiff to also have a fair trial, and to that end false answers are interposed, and other means adopted, no less vile.

Thus is justice defeated, courts reduced to impotency if not contempt, the bar subjected to suspicion and reproach, public confidence and esteem in and for them impaired, and criminals and crime fostered and encouraged.

Always the bar has been an indispensable, great, honorable, and beneficent profession, embracing in its membership the choicest spirits and leaders of every age.

But even as a little leaven leaveneth the whole lump, so may the evil practices of some few of the bar visit undeserved odium upon all of it. Hence, did the Redeemer threaten, "Woe unto you also, ye lawyers," the English rebel declare he would "kill all the lawyers," and to this day many, many of the crafty seek favor and prestige by indiscriminate abuse of lawyers.

For this grave evil the bench and bar have the remedy in their control, viz., vigorous discipline which may be fine, suspension, or disbarment, the penalties for, amongst other unprofessional conduct, false answers or other documents or papers knowingly presented or maintained in judicial proceedings, penalties unhappily too often incurred and too seldom imposed.

At the adjourned hearing aforesaid, counsel (Mr. Glassner) asserted right to present and maintain the false answer by virtue of "local practise and custom" from time immemorial to thus compel plaintiff to strictly prove the facts if plaintiff could!

Such a custom were more honored in the breach than in observance, and the situation requires restatement of the law, to impress upon counsel that any such practice or custom is intolerable, indefensible, even criminal, must end, and to recall counsel to a keen sense of their duties and obligations voluntarily assumed. They must remember that, "They, too, are officers of the courts, administrators of justice, oath-bound servants of society; that their first duty is not to their clients, as many suppose, but is to the administration of justice; that to this their clients' success is wholly subordinate; that their conduct ought to and must be scrupulously observant of law and ethics; and to the extent

that they fail therein, they injure themselves, wrong their brothers at the bar, bring reproach upon an honorable profession, betray the courts, and defeat justice." In re Kelly et al. (D. C.) 243 F. 696, 705. And see U. S. v. Ford (D. C.) 9 F.(2d) 990, 991.

The defenses made are an affront to equity, and in the second suit discredit the application to withdraw so long delayed and in surprise at the strategic last moment made, which application is denied.

In each suit the court finds the allegations of the bill are true, the denials of the answer untrue, and concludes plaintiff is entitled to recover and decree as prayed. And in each suit upon counsel is imposed a fine in amount $50, for causes, reasons, and ends aforesaid, obstruction of justice and contempt committed in the presence of the court, leaving to the local bench and bar the onus of any further action by them deemed proper.

Orders accordingly.